25CA1327 Peo v Camacho 08-13-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1327
City and County of Denver District Court No. 00CR2615
Honorable Andrew J. Luxen, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Louis Camacho, Jr.,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE FOX
J. Jones and Dunn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General and Assistant Solicitor General, Denver, Colorado, for
Plaintiff-Appellee

Louis Camacho, Jr., Pro Se

¶ 1     Defendant, Louis Camacho, Jr., appeals the postconviction court's order denying his most recent postconviction motion.  We affirm.

## I.     Background

¶ 2     In 2000, a jury found Camacho guilty of second degree kidnapping, second degree assault, and menacing.  In a separate proceeding, the trial court adjudicated Camacho a habitual criminal and imposed an aggregate sentence of seventy-two years in the custody of the Department of Corrections.

¶ 3     Camacho directly appealed his sentence; a division of this court affirmed.  *See People v. Camacho*, (Colo. App. No. 01CA0393, June 20, 2002) (not published pursuant to C.A.R. 35(f)).  The mandate was issued in 2003.

¶ 4     From 2003 to 2019, Camacho filed several postconviction motions, all of which the postconviction court denied.

¶ 5     In 2024, the United States Supreme Court held in *Erlinger v. United States*, 602 U.S. 821, 825-49 (2024), that a criminal defendant has the constitutional right to have a jury determine whether the defendant's prior convictions were committed on separate occasions for purposes of a federal habitual criminal

1

statute, the Armed Career Criminal Act.[1]  *See also People v. Gregg*, 2025 CO 57, ¶¶ 15-26 (holding that *Erlinger* applies to the pre-2025 version of Colorado's habitual criminal statute and requires that a jury first determine whether a defendant's prior convictions stemmed from separate and distinct criminal episodes before a judge reviews those findings).

¶ 6        Two months later, Camacho filed a Crim. P. 35(c) motion claiming that (1) his constitutional rights were violated because a jury decided whether he should be adjudicated a habitual criminal, and (2) the trial court improperly found that his offenses were extraordinary risk crimes (the 2024 motion).  The postconviction court denied the motion (the January 2025 order).  Acknowledging the recent *Erlinger* decision, the court denied the first claim as successive and untimely because no law supported a conclusion that *Erlinger* applied retroactively.  Construing the second claim as

_____

[1] In 2025, the General Assembly amended Colorado's habitual criminal statute to require a jury, rather than the trial court, to determine whether the defendant has the previous felony convictions, whether the convictions were separately brought and tried, and whether the convictions arose out of separate and distinct criminal episodes.  *See* Ch. 344, sec. 1, § 18-1.3-803(1), 2025 Colo. Sess. Laws 1866.

a Crim. P. 35(a) claim, the court denied it because it had already resolved that claim in denying one of Camacho's previous postconviction motions. Camacho did not appeal the January 2025 order.

¶ 7 Then, later in 2025, Camacho filed the postconviction motion at issue, which he labeled a Crim. P. 35(a) motion. In it, he asserted the same substantive claim under *Erlinger* and claimed that a jury should have decided whether his offenses were extraordinary risk crimes.

¶ 8 The postconviction court denied the motion, concluding that his sentences were authorized by law and that any claim that his sentence was imposed in an illegal manner was time barred. Further, the court again noted that no law supported a conclusion that *Erlinger* applied retroactively.

## II. Standard of Review

¶ 9 Except for denials of Crim. P. 35(b) motions, we review the summary denial of a postconviction motion de novo. *See People v. Castillo*, 2022 COA 20, ¶ 15; *cf. People v. Chavez*, 2020 COA 80M, ¶ 8.

III.   Analysis

¶ 10    Crim. P. 35(a) authorizes a postconviction court to correct, at any time, a sentence that was "not authorized by law" or that was "imposed without jurisdiction."  Crim. P. 35(a) also authorizes a court to correct a sentence that was "imposed in an illegal manner."

¶ 11    When courts refer to an "illegal sentence," they are referring to a sentence that was "not authorized by law" under Crim. P. 35(a). *See Tennyson v. People*, 2025 CO 31, ¶ 39 ("[A] sentence not authorized by law (i.e., an illegal sentence) . . . may be corrected at any time."); *People v. Oliver*, 2016 COA 180M, ¶ 16 ("An illegal sentence is one that is not authorized by law . . . ." (citation omitted)).  "[A] sentence is not authorized by law within the meaning of Rule 35(a) if any of the sentence's components fail to comply with the sentencing statutes."  *People v. Baker*, 2019 CO 97M, ¶ 19.

¶ 12    A sentence is "imposed without jurisdiction" if the sentencing court did not have subject matter jurisdiction over the case or personal jurisdiction over the defendant.  *See People v. Castorena*, 2026 CO 2, ¶ 23 ("Jurisdiction takes two forms: '(1) subject matter jurisdiction — the power to determine a specific type of claim; and

(2) personal jurisdiction — the power over a specific party.'" (citation omitted)).

¶ 13    Finally, a sentence is "imposed in an illegal manner" "when the trial court ignores essential procedural rights or statutory considerations in forming the sentence." *People v. Bowerman*, 258 P.3d 314, 316 (Colo. App. 2010). At the time, such a claim needed to be filed within 120 days of, as applicable here, the issuance of the mandate from Camacho's direct appeal. Crim. P. 35(a), (b) (2003).

¶ 14    In terms of Camacho's claim that a jury should have presided over the habitual criminal trial, to the extent it is an illegal sentence claim, it fails because the habitual criminal statute in effect at the time authorized the trial court to adjudicate the habitual criminal counts. *See* § 16-13-103(1), (4), C.R.S. 2000. It is not a jurisdictional claim because it does not implicate the trial court's subject matter jurisdiction over the case or personal jurisdiction over Camacho. To the extent it could be construed as an illegal manner claim, it was time barred. Finally, if Camacho bases the claim on *Erlinger*, it is a constitutional claim "properly construed under Crim. P. 35(c)." *People v. Isom*, 2015 COA 89, ¶ 31. The

postconviction court denied that claim in the January 2025 order, correctly concluding that *Erlinger* does not apply retroactively. *See People v. Medina*, 2026 COA 36M, ¶ 37 (the rule announced in *Erlinger* does not apply retroactively on collateral review, meaning that it does not apply in the postconviction context after the judgment of conviction and sentence have become final). As noted, Camacho did not appeal that ruling. Contrary to Camacho's appellate assertion, the court did not say in the January 2025 order that the *Erlinger* claim should be raised in a Crim. P. 35(a) motion.

¶ 15 Finally, in terms of Camacho's claim that a jury should have determined whether his offenses were extraordinary risk crimes, he bases the claim on not only *Erlinger*, but also *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). It is a constitutional claim properly construed as a Crim. P. 35(c) claim, *see Isom*, ¶ 31, and it is barred as successive because he did raise, or could have raised, it in one of his many previous postconviction motions, *see* Crim. P. 35(c)(3)(VI), (VII).

¶ 16 Regardless, it fails. The jury found the facts that made his second degree kidnapping and second degree assault convictions extraordinary risk crimes because the elemental jury instructions

6

for those offenses included a separate element that he committed them by the use of a deadly weapon, which makes them crimes of violence and extraordinary risk crimes. *See* § 18-1-105(9.7)(b)(XII), C.R.S. 2000; § 16-11-309(2)(a)(I)(A), (2)(a)(II)(C), (2)(a)(II)(D), C.R.S. 2000.

## IV. Disposition

¶ 17 The order is affirmed.

JUDGE J. JONES and JUDGE DUNN concur.